UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WB MUSIC CORP., et al.,

    Plaintiffs,

v.                                            CASE NO. 3:19-cv-1245-J-34JBT

CHU FOODS, L.L.C.,

    Defendant.

_____/

**REPORT AND RECOMMENDATION**[1]

**THIS CAUSE** is before the Court on Plaintiffs' Motion for Entry of Final Judgment on Default, Enjoining Infringing Conduct, and Awarding Statutory Damages ("Motion") (Doc. 15).[2] The Motion was referred to the undersigned for a report and recommendation regarding an appropriate resolution.

Plaintiffs bring three claims against Defendant for copyright infringement in

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

[2] The Motion was served on Defendant's registered agent via U.S. mail on January 28, 2020, even though service was not required. *See* Fed. R. Civ. P. 5(a)(2). (Doc. 15 at 9.) As of the date of this Report and Recommendation, no response has been filed.

violation of 17 U.S.C. § 501 of the Copyright Act.[3]  (Doc. 1.)  Plaintiffs now seek entry of a final default judgment for statutory damages in the total amount of $34,259.98 and a permanent injunction.  (Doc. 15.)  For the reasons stated herein, the undersigned respectfully **RECOMMENDS** that the Motion be **GRANTED**, that judgment be entered in favor of Plaintiffs in the amount requested, and that a permanent injunction be entered against Defendant.

**I.     Background**

Plaintiffs allege that they are members of the American Society of Composers, Authors, and Publishers ("ASCAP"), a membership association that represents, licenses, and protects the public performance rights of its members.  (Doc. 1 at 3.)  Plaintiffs further allege that Defendant operates a business, Dick's Wings and Grill ("Dick's Wings"), in Jacksonville, Florida.  (*Id.* at 2.)  The Complaint asserts three causes of action, each based on Defendant's alleged presentation of unauthorized public performances of Plaintiffs' copyrighted musical compositions at Dick's Wings on May 18, 2019.  (*Id.* at 1; Doc. 1-1.)  Plaintiffs further assert that Defendant ignored ASCAP's numerous previous warnings regarding the consequences of unauthorized performances of its copyrighted songs.  (Doc. 1 at 3.)

---

[3] The claims against Yu-Ning Chu were dismissed without prejudice on January 29, 2020.  (Doc. 16.)  Therefore, the only Defendant remaining is Chu Foods, L.L.C.

2

## II.     Standard

Rule 55 of the Federal Rules of Civil Procedure establishes a two-step process for obtaining a default judgment.  First, when a defendant fails to plead or otherwise defend a lawsuit, the clerk of court is authorized to enter a clerk's default against the defendant.  *See* Fed. R. Civ. P. 55(a).  Second, after receiving the clerk's default, the plaintiff must apply to the court for a default judgment, except in limited circumstances when application may be made to the clerk.  *See* Fed. R. Civ. P. 55(b).  A default judgment may be entered "against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person."  Fed. R. Civ. P. 55(b)(1).  A default judgment may be entered "against a defendant who never appears or answers a complaint, for in such circumstances the case never has been placed at issue."  *Solaroll Shade & Shutter Corp., Inc. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1134 (11th Cir. 1986).

All well-pleaded allegations of fact are deemed admitted upon entry of default, but before entering a default judgment, a court must ensure that it has jurisdiction over the claims and that the complaint adequately states a claim for which relief may be granted.  *See Nishimatsu Constr. Co. Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *see also GMAC Commercial Mortg. Corp. v. Maitland Hotel Assocs., Ltd.*, 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002) ("A default judgment cannot stand on a complaint that fails to state a claim.") (citations omitted).  A sufficient basis must exist in the pleadings for the judgment entered.  *See Nishimatsu*, 515 F.2d at 1206.  A defendant "is not held to admit

3

facts that are not well-pleaded or to admit conclusions of law." *See id.*; *see also Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978) (stating that "facts which are not established by the pleadings of the prevailing party, or claims which are not well-pleaded, are not binding and cannot support the judgment").

Rule 8 provides that a complaint must include (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for relief. *See* Fed. R. Civ. P. 8(a). A complaint meets the requirements of Rule 8 if, in light of the nature of the action, the complaint provides factual allegations, which are assumed to be true, sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.").

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Twombly*, 550 U.S. at 555. Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," which simply "are not entitled to [an] assumption of truth." *Iqbal*, 556 U.S. at 678–79. Thus, in ruling on a motion for final default judgment, the Court must determine whether a sufficient factual basis

4

exists in the complaint for a judgment to be entered.  *See Nishimatsu*, 515 F.2d at 1206.

### III. Jurisdiction and Claims Stated

Upon review of the Complaint, the Motion, and other relevant filings, the undersigned recommends that a default judgment be entered.  The Court has federal question jurisdiction over these claims pursuant to 28 U.S.C. § 1331.  Additionally, despite being properly served, Defendant failed to appear, and a default has been entered against it.  (Doc. 11.)

Section 501 of the Copyright Act states in relevant part:

> Anyone who violates any of the exclusive rights of the copyright owner as provided by [17 U.S.C. §§ 106–122] or of the author as provided in [17 U.S.C. § 106A(a)] . . . is an infringer of the copyright or right of the author, as the case may be.

17 U.S.C. § 501(a).  To prevail on a copyright infringement claim based on the unauthorized public performance of a copyrighted musical composition, a plaintiff must demonstrate:

> (1) the originality and authorship of the compositions involved; (2) compliance with all formalities required to secure a copyright under Title 17, United States Code; (3) that plaintiffs are the proprietors of the copyrights of the compositions involved in the action; (4) that the compositions were performed publicly by the defendant; and (5) that the defendant had not receive[d] permission from any of the plaintiffs or their representatives for such performance.

*Broad. Music, Inc. v. Evie's Tavern Ellenton, Inc.*, 772 F.3d 1254, 1257–58 (11th Cir. 2014).

5

Plaintiffs have properly pleaded all of the elements of their copyright infringement claims. As part of the Complaint, Plaintiffs attached a Schedule that sets forth specific information as to each of the three musical compositions at issue. (Doc. 1-1.) For each subject musical composition, the Schedule lists the title, the owner(s) of the copyright, the writers, the copyright publication dates and registration numbers, and the date of known infringement. (*Id.*)

As to the first element of their copyright infringement claims, Plaintiffs list the author and allege that all of the subject compositions are original. (Doc. 1 at 4; *see* Doc. 1-1.) As to the second element, Plaintiffs allege that for each of the three musical compositions at issue, the respective Plaintiffs complied with the requirements of the Copyright Act, "secured the exclusive rights and privileges in and to the copyright of each composition . . . and received from the Register of Copyrights a Certificate of Registration, identified as set forth in Column 6." (Doc. 1 at 4.) With respect to the third element, Plaintiffs assert that the "Plaintiffs named in Column 2 are the owners of the copyrights in the original musical compositions listed in Column 3." (*Id.* at 2) (footnote omitted).

As to the fourth element, Plaintiffs allege that on May 18, 2019, as well as at other times before and after this date, Defendant presented public performances of the respective musical compositions listed in Column 3. (*Id.* at 4.) Finally, Plaintiffs assert that the public performances were unauthorized, in that Defendant lacked a license or other permission from Plaintiffs. (*Id.*) Considering these

6

allegations, the undersigned recommends that Plaintiffs have asserted valid claims for copyright infringement.

## IV.   Relief Requested

Plaintiffs request statutory damages and a permanent injunction. (Doc. 1 at 6; Doc. 15 at 8.) The undersigned will address each request in turn.[4]

### A.   Statutory Damages

Section 504 of the Copyright Act states in relevant part:

> [A]n infringer of copyright is liable for either--
>
> (1)   the copyright owner's actual damages and any additional profits of the infringer . . . ; or
>
> (2)   statutory damages . . .
>
> . . .
>
> [T]he copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually . . . in a sum of not less than $750 or more than $30,000 as the court considers just. . . .
>
> In a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000.

17 U.S.C. § 504(c).

---

[4] The undersigned recommends that a hearing on damages is not necessary "[b]ecause the essential evidence relating to damages is before the Court." *Universal Music Corp. v. Latitude 360 Nevada, Inc.*, Case No. 3:15-cv-1052-J-34JRK, 2016 WL 3200087, at *3 (M.D. Fla. May 4, 2016), *report and recommendation adopted*, 2016 WL 3188899 (M.D. Fla. June 8, 2016).

> Regarding statutory damages:
>
>> A court has great discretion in awarding damages within the statutory limits. In determining the amount of statutory damages, a court considers (1) the expenses saved and profits reaped by [Defendant] in connection with the infringements; (2) the revenues lost by [Plaintiff] as a result of [Defendant's] conduct; and (3) the infringers' state of mind—whether willful, knowing, or merely innocent. Courts frequently award statutory damages that are three times the amount of license fees the defendants saved by not obeying the Copyright Act.

*Universal Music Corp.*, 2016 WL 3200087, at *4 (citations and quotations omitted). "[E]vidence that notice had been accorded to the alleged infringer before the specific acts found to have constituted infringement occurred is perhaps the most persuasive evidence of willfulness . . . ." *Id.*

Here, Plaintiffs seek a total of $34,259.98 in statutory damages pursuant to 17 U.S.C. § 504(c). (Doc. 15 at 1.) This amount, according to Plaintiffs, is approximately three times the cost of the license fees that Defendant avoided paying, and it also accounts for Plaintiffs' investigative expenses of $1,259.98. (*Id.* at 7–8; Doc. 15-1 at 6–7.) In support of their request for statutory damages, Plaintiffs submitted the Declaration of R. Douglas Jones, Manager of Business and Legal Affairs for ASCAP, who avers that ASCAP repeatedly attempted to, and did, contact Defendant beginning in June 2014 regarding obtaining licenses, but Defendant refused all of ASCAP's license offers. (Doc. 15-1 at 4.) ASCAP also warned Defendant of the consequences of presenting unauthorized public performances. (*Id.* at 5.) Ultimately, ASCAP hired an independent investigator

8

who confirmed that at least three of Plaintiffs' songs were performed at Dick's Wings without authorization, representing the three subject instances of copyright infringement. (*Id.* at 5–6.)

The undersigned recommends that the requested $34,259.98 is a fair and appropriate award of statutory damages. As an initial matter, this award, which amounts to approximately $11,420.00 for each of the three established infringements, is within the statutory limit of $30,000.00 per work. *See* 17 U.S.C. § 504(c). *See also New World Music Co. (LTD) v. Tampa Bay Downs, Inc.*, Case No. 8:07-cv-398-T-33TBM, 2009 WL 35184, at *12 (M.D. Fla. Jan. 6, 2009) (awarding the plaintiffs $90,000.00 in statutory damages, which amounted to $15,000.00 for each of the six established infringements). Furthermore, Defendant appears to have willfully violated Plaintiffs' rights by continuing to give public performances of compositions owned by Plaintiffs, despite ASCAP's multiple warnings and offers. (Doc. 1 at 3; Doc. 15-1 at 4, 9–202.) Thus, the $150,000.00 cap applies. *See Stross v. Roberson*, Case No. 6:19-cv-388-Orl-37LRH, 2019 WL 7562382, at *6 (M.D. Fla. Oct. 3, 2019) ("[T]he undersigned finds that the Plaintiff has sufficiently demonstrated that the Defendant willfully infringed the copyright at issue and, as a result, the Court may award more than $30,000.00 in statutory damages."), *report and recommendation adopted*, 2019 WL 5303676 (M.D. Fla. Oct. 21, 2019). In light of Defendant's multiple willful violations, the undersigned recommends that a statutory damages award of $34,259.98 is fair and appropriate.

### B.  Injunctive Relief

Plaintiffs contend that a permanent injunction is appropriate here, where the infringer repeatedly refuses to obtain a license and continues to violate copyright laws.  (Doc. 15 at 2–4.)   The undersigned agrees and so recommends.

Section 502 of the Copyright Act states in relevant part:

> Any court having jurisdiction of a civil action arising under this title may . . . grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright.

17 U.S.C. § 502(a).

The undersigned recommends that the following language from the Eleventh Circuit applies here as well: "This is a classic case . . . of a past infringement and a substantial likelihood of future infringements which would normally entitle the copyright holder to a permanent injunction against the infringer pursuant to 17 U.S.C.A. § 502(a) (1977)."  *Pac. & S. Co. v. Duncan*, 744 F.2d 1490, 1499 (11th Cir. 1984).  Courts in this district have regularly granted injunctive relief to prevent further infringing performances of copyrighted music, where, as here, the infringer has ignored prior warnings and continued to infringe on copyrights.  *See, e.g.*, *EMI Apr. Music, Inc. v. Ocala Hosp. Grp., LLC*, Case No. 5:16-cv-30-Oc-34PRL, 2016 WL 11578746 (M.D. Fla. Dec. 19, 2016); *Broad. Music, Inc. v. PRB Prods., Inc.*, Case No. 6:13-cv-1917-ORL-31KRS, 2014 WL 3887509 (M.D. Fla. Aug. 7, 2014); *M.L.E. Music Sony/ATV Tunes, LLC. v. Julie Ann's, Inc.*, Case No. 8:06-cv-1902 T-17EAJ, 2008 WL 2358979 (M.D. Fla. June 9, 2008); *Wavemaker Music, Inc. v.*

*Kartouche, Inc.*, Case No. 3:07-cv-233-J-20HTS, 2007 WL 2254505 (M.D. Fla. Aug. 3, 2007).  "Moreover, Courts have granted broad injunctions to enjoin unauthorized performances of any and all copyrighted music in the ASCAP repertory in ASCAP-member cases, such as this one." *EMI Apr. Music, Inc.,* 2016 WL 11578746, at *5.  Thus, the undersigned recommends that the Court grant Plaintiffs their requested injunctive relief.

### V.     Conclusion

Accordingly, it is respectfully **RECOMMENDED** that:

1.     The Motion (**Doc. 15**) be **GRANTED**.

2.     The Clerk of Court be directed to enter judgment in favor of Plaintiffs, WB Music Corp., Almo Music Corporation, Wise Brothers Music, LLC, Eighties Music, and Small Hill Music, c/o Holland & Knight, LLP, 50 North Laura Street, Suite 3900, Jacksonville, FL 32202, and against Defendant, Chu Foods, L.L.C., c/o Lisa K. Pilgrim, Registered Agent, 5150 Belfort Road, Bldg. 400, Jacksonville, FL 32226, in the total amount of $34,259.98.  Post-judgment interest will accrue at the statutory rate set forth in 28 U.S.C. § 1961.

3.     The Clerk of Court be further directed to enter judgment in favor of Plaintiffs and against Defendant as follows:

> Defendant, Chu Foods, L.L.C., is hereby enjoined and restrained permanently, either alone or in concert with others, from publicly performing any and all of the copyrighted musical compositions in the ASCAP repertory, including those belonging to Plaintiffs, and from causing or permitting such compositions to be publicly performed at any facility owned, operated, or

conducted by Defendant, in whole or in part, and from aiding and abetting public performances of such compositions, unless Defendant shall have previously obtained permission to give such performances either directly from the Plaintiffs or the copyright owners whose compositions are being performed or by license from ASCAP.

This Court reserves jurisdiction over the parties hereto and this action to enforce the terms of this permanent injunction through contempt proceedings and/or through any other permissible means.

4. The Clerk of Court be further directed to terminate any pending motions and close the file.

**DONE AND ENTERED** at Jacksonville, Florida, on February 28, 2020.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

Counsel of Record